IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHAWN MURCHISON                                                                          PLAINTIFF

v.                                        Civil No. 4:19-cv-04085

LYNNE BOCUME, Police, Ashdown; ANTONIO
MAY, Police Officer/State Trooper, Ashdown/Hope;
GINA BUTLER, Administrator, Little River County
Jail; JANET FONDRONE, Bondsman, Ashdown;
MICKEY BUCCANON, Attorney, Ashdown; and
TOM COOPER, JUDGE, ASHDOWN                                                     DEFENDANTS

# ORDER

Plaintiff Shawn Murchison filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 31, 2019, in the Eastern District of Arkansas. (ECF No. 2). On August 2, 2019, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). In response to this Court's order, Plaintiff filed an Amended Complaint on August 15, 2019, on the Court's approved form, to clarify his claims against the Defendants. (ECF No. 7). Plaintiff proceeds *pro se* and *in forma pauperis*. (ECF No. 9). The case is currently before the Court for preservice screening under provisions of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.

## I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Correction—Delta Regional Unit. His claims in the instant lawsuit arise out of his arrest, bail, prosecution, and subsequent conviction in Little River County, Arkansas. Plaintiff names the following individuals as Defendants in this action: (1) Lynne Bocume, a police officer in Ashdown, Arkansas; (2) Antonio May, a police officer or state trooper in Ashdown or Hope, Arkansas; (3) Gina Butler, the Jail Administrator at the Little River County Jail; (4) Janet Fondrone, a Bondsman in Ashdown, Arkansas; (5) Mickey

Buccanon, Plaintiff's defense attorney; and (6) Judge Tom Cooper, a state court judge in Ashdown, Arkansas.

Plaintiff was arrested on October 31, 2017, after he was pulled over for what he claims was a misdemeanor. (ECF No. 7, p. 3). Plaintiff alleges that in October 2017, Defendant Bocume "for no reason stalked me and my family for 3 nights at or campground . . . the day before I was charged with a meth pipe . . . found under the rear seat, Mr Mays I beleave planted it his self[.]" (*Id.* at p. 2). Plaintiff goes on to state, [Bocume] had no right to be around my family . . . or to have me followed in two different counties, and Mays shouldn't go around threating folks as there being booked into Jail." (*Id.* at p. 4).[1]

Next, Plaintiff claims Defendants Butler and Foundron "told my friend's wife they would not allow her to bond me out And her husband couldn't bond me out, they wouldn't allow it . . . And I had a bond set by a Judge. Why they said I couldn't be bonded out." (*Id.* at p. 4).

In addition, Plaintiff claims his defense attorney Defendant Buccanon "did nothing but threating me to take a plea for a pipe I didn't posseses in my vehicle or on my body. Mickey said take this 6 yr pleas or you will have two 15 year sentences stacked to run consecutively." (*Id.* at p. 5). Plaintiff also lists Judge Tom Cooper as a Defendant but does not make any specific allegations against him in the Amended Complaint. (*Id.*).

Plaintiff proceeds against all Defendants in their official and personal capacities. He seeks compensatory and punitive damages. (*Id.* at p. 6).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

---

[1] Plaintiff has not identified what Defendant May said to threaten him.

frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Defense Attorney Defendant Buccanon

Defendant Buccanon—Plaintiff's public defender during his criminal proceedings—is not subject to suit under section 1983. A section 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws of the United States." 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir.1999). Defendant Buccanon was not acting under color of state law while representing Plaintiff in his criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state any cognizable claims under section 1983 against Defendant Buccanon.

### B. Defendant Judge Tom Cooper

Defendant Cooper is a state court judge who presumably presided over Plaintiff's criminal trial. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)

3

("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citation omitted).

Plaintiff has failed to allege any action—judicial or non-judicial—by Judge Cooper that violated his constitutional rights. Accordingly, Defendant Cooper is immune from suit.

**C. Defendants Bocume and May**

Plaintiff alleges Defendant Bocume unlawfully followed or stalked him before he was arrested on October 31, 2017. He also claims Defendant May "planted" a pipe under the seat in his vehicle that day.

Plaintiff's claims against Defendants Bocume and May are barred by the *Heck* doctrine. In *Heck*, the Supreme Court held a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 488 (1994). The Court further noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. *Id.*

Plaintiff's claims against Defendants Bocume and May are based on his arrest and prosecution for which he was convicted and sentenced. Plaintiff has not alleged that his conviction was favorably

4

terminated. To the contrary, he acknowledges he is still serving the sentence for the conviction at issue. Accordingly, Plaintiff's claims against Defendants Bocume and Mays are *Heck*-barred.

**D. Defendants Butler and Fondrone**

Plaintiff alleges Defendants Butler and Fondrone "told my friends wife they would not allow her to bond me out and her husband couldn't bond me they wouldn't allow it" after bond had been set by a judge. (ECF No. 7, p. 4). Plaintiff has a liberty interest in being free from detention once bail has been set. *See Hazley v. Roy*, 378 F. Supp. 3d 751 (D. Minn. 2019) (citing *Steele v. Cicchi*, 855 F.3d 494 (3d Cir. 2017); *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010); *Campbell v. Johnson*, 586 F.3d 835 (11th Cir. 2009)). Accordingly, Plaintiff's claims against Defendants Butler and Fondrone for interfering with the posting of his bail shall proceed.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's claims against Defendants Mickey Buccanon, Judge Tom Cooper, Lynne Bocume, and Antonio May are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's claims against Defendants Gina Butler and Janet Fondrone shall proceed. Service of these Defendants will be addressed in a separate order.

**IT IS SO ORDERED**, this 9th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge