IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHAWN MURCHISON                                                                                                PLAINTIFF

v.                                         Civil No. 4:19-cv-04085

GINA BUTLER, Administrator, Little River County
 Jail; and JANET FONDRONE, Bondsman, Ashdown                                          DEFENDANTS

## ORDER

Before the Court is Plaintiff's failure to comply with Court orders. Plaintiff Shawn Murchison filed this 42 U.S.C. § 1983 action *pro se* on July 31, 2019, in the Eastern District of Arkansas. (ECF No. 2). On August 2, 2019, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). In response to this Court's order, Plaintiff filed an Amended Complaint on August 15, 2019.[1] (ECF No. 7).

On October 16, 2019, Defendant Janet Fondrone filed a Motion to Dismiss. (ECF No. 16). That same day, the Court entered an order directing Plaintiff to file a response to the motion by November 6, 2019. (ECF No. 18). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, Plaintiff has not filed a response and the Court's order mailed to Plaintiff's address of record has not been returned as undeliverable.

On November 14, 2019, the Court entered an order directing Plaintiff to show cause by November 25, 2019, as to why he failed to file a response to the Defendant Fondrone's Motion to Dismiss. (ECF No. 20). The show cause order informed Plaintiff that failure to timely and properly

---

[1] On September 9, 2019, the Court dismissed Plaintiff's claims against Defendants Tom Cooper, Antonio May, Lynne Bocume, and Mickey Buccanon leaving only his claims against Defendants Gina Butler and Janet Fondrone. (ECF No. 12).

comply would result in this case being dismissed. To date, Plaintiff has not complied with the show cause order and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Moreover, the local rules also state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the instant case, Plaintiff has failed to obey two Court orders. Neither of these orders have been returned to the Court as undeliverable. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge